UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BAY VALLEY MORTGAGE LENDER,
LLC,

          Plaintiff/Counter Defendant,

                                      Case Number 08-11372-BC
v.                                    Honorable Thomas L. Ludington

ROLAND MCKIND and RMC REALTY
LIMITED,

          Defendants/Counter Claimants.
_____/

### ORDER DENYING IN PART DEFENDANTS' EMERGENCY MOTION
### TO ENJOIN PLAINTIFF'S FORECLOSURE BY ADVERTISEMENT

This matter is before the Court on Defendants Roland McKind ("McKind") and RMC Realty

Limited's ("RMC," collectively "Defendants") motion to dissolve a Bay County Circuit Court order

and to enjoin a foreclosure sale [Dkt. # 6]. On March 12, 2008, Plaintiff Bay Valley Mortgage

Lender, LLC ("Plaintiff") filed a three count complaint in Bay County Circuit Court. Dkt. # 1-3.

Plaintiff alleged that Defendants defaulted on a $6,300,000 loan secured by a mortgage on the

Clarion Hotel Bay Valley Resort and Conference Center ("Property"). *Id.* RMC executed a

promissory note and McKind executed a personal guaranty of all debts associated with the loan. *Id.*

Plaintiff's complaint asserted claims for breach of the note and action on the guaranty. *Id.* The

complaint also requested a preliminary injunction and appointment of a receiver. *Id.* Currently,

Plaintiff is in the process of foreclosing the Property by advertisement, with the foreclosure sale to

be held on April 18, 2008.

Plaintiff filed an ex parte motion for temporary restraining order and appointment of a

receiver concurrent with its complaint. Dkt. # 1-4. On March 13, 2008, the Bay County Circuit

Court granted Plaintiff's ex parte motion, entered a temporary restraining order, and authorized Plaintiff to appoint a receiver. Dkt. # 1-5. The court also issued an order to show cause why a preliminary injunction should not issue and scheduled a hearing to be held on March 27, 2008. Defendants did not appear at that hearing and the court entered the preliminary injunction.

Instead, Defendants chose to remove the matter to this Court on the basis of diversity jurisdiction on March 31, 2008. *See* Dkt. # 1; *see also* 28 U.S.C. § 1332. On April 10, 2008, Defendants filed the instant motion seeking an order dissolving the circuit court's order and enjoining the April 18, 2008 foreclosure of the property. Defendants maintain that they are entitled to relief pursuant to Federal Rule of Civil Procedure 65.

Rule 65(b) authorizes a court to issue a temporary restraining order without notice to the adverse party only where the moving party demonstrates "immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The restrictions set forth in Rule 65(b) reflect the fact a temporary restraining order, issued ex parte, is an extraordinary remedy and in opposition to the well-grounded jurisprudential notion that a party has notice and an opportunity to be heard prior to any court action. *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citation omitted). Such orders "should be limited to preserving the status quo only for so long as is necessary to hold a hearing." *Id.* (citation omitted).

Defendants assert that the Court should immediately enjoin the foreclosure sale because Defendants would suffer irreparable harm as a result of the interference with their property rights. Further, Defendants maintain that money damages could not fully redress the imminent injury that a foreclosure sale would cause. Though foreclosure of the property would cause Defendants injury,

it would not be irreparable. Defendants' motion, however, did not direct any attention to the provision in Michigan's foreclosure laws that provide a right of redemption. *See* Mich. Comp. Laws § 600.3240. Defendants will retain a statutory right of redemption, notwithstanding the fact that the property has proceeded to sale.

Thus, Defendants' injury will primarily be monetary in nature and fully redeemable if they ultimately prevail. Defendants' motion acknowledges that courts should not enter an injunction unless an "explicit finding that the moving party will suffer irreparable harm." Dkt. # 6 at 15 (*citing Lucero v. Detroit Public Schools*, 160 F.Supp.2d 767, 778-79 (E.D. Mich. 2001)). Defendant's motion also acknowledges that "[i]t is equally settled that a party will not suffer irreparable harm where money damages will make it whole." Dkt. # 6 at 15 (*citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ran*, 67 F.Supp.2d 764, 778 (E.D. Mich. 1999)). Defendants have not met their burden demonstrating that they will suffer immediate and irreparable injury. Therefore, issuing the extraordinary remedy of a temporary restraining order is not warranted when Defendants will be able to address their injury through the statutory right of redemption.

Defendants' motion advances substantive arguments that the circuit court's order appointing a receiver and enjoining Defendants is inappropriate. At this time, this Court is not making a determination on those substantive arguments regarding the dissolution of the circuit court's order. Defendants removed this matter to federal court with an existing state court order in place. Moore's Federal Practice provides the following discussion of the applicable procedural posture in such a circumstance:

> In general, the federal court takes the case on removal exactly as the case stood in state court. Accordingly, the state court pleadings, any discovery had, orders entered, or proceedings will be presumed valid by the district court . . . Interlocutory orders for preliminary relief entered by the state court, such as injunctions,

> attachments, and sequestrations, as well as associated security filed, such as bonds, remain in effect pursuant to federal law. Moreover, state court rulings (including discovery orders and all other orders up to and including judgment) remain in effect until modified or supplanted by the federal court . . . The district court may reconsider a state court's interlocutory orders. In addition, the enforcement and efficacy of an existing state order will be governed by federal law. For example, under the *Granny Goose* doctrine, the duration of an ex parte temporary restraining order issued by a state court in effect at the time of removal is governed by federal law.

16, *Moore's Federal Practice* § 107.31[3] (Matthew Bender 3d. ed.) (citations omitted). Thus, the Court will address Defendants' motion to dissolve the existing circuit court order after Plaintiff has an adequate opportunity to respond. In light of the relief granted in the state court order, this Court will order expedited briefing to address the matter.

Accordingly, it is ordered that Defendants' motion to enjoin Plaintiff's foreclosure by advertisement [Dkt. # 6] is **DENIED** in part.

It is further **ORDERED** that Plaintiff may file a response to Defendants' motion to dissolve the state court order **on or before Wednesday, April 23, 2008.** Defendants may file a reply brief **on or before Monday, April 28, 2008**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 16, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 16, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS